# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-50616
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL ROMERO-CHAVARRIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-801-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Romero-Chavarria (Romero) appeals the 46-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326, contending that the sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. Romero argues that application of United States Sentencing Guideline § 2L1.2 effectively double-counts his criminal history. He contends that his illegal reentry offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not a crime of violence and was "at bottom, an international trespass." Romero argues that the guidelines range failed to reflect his personal history and characteristics, including his good motive for reentering the United States.

This court reviews the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Romero's 46-month sentence, within the guidelines range calculated based on the illegal-reentry Guideline, § 2L1.2, is presumed reasonable on appeal. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Romero's argument that his advisory guidelines range was greater than necessary to meet the goals of § 3553(a) because of double-counting has been rejected by this court. *See Duarte*, 569 F.3d at 529-31. We have also rejected the "international trespass" argument. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Romero's request for a downward variance, and it ultimately determined that a sentence at the bottom of the guidelines range was appropriate based on the circumstances of the case and the "purposes of the statute," implicitly referring to the § 3553(a) factors. Romero's reliance on § 2L1.2's development as problematic, the nonviolent nature of his offense, and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

The district court did not abuse its discretion in imposing the 46-month within-guidelines sentence. *See Gall*, 552 U.S. at 51.

AFFIRMED.